Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Thank you Mr. Robinson and Mr. Barrera as well. I was thinking this morning about how dramatically your job descriptions have changed during this time and you've done a great job this week. Welcome to council. We had looked forward to being together with you in person but that was not to be. Maybe soon we can resume assembling in the courthouse but we're delighted to have you with us. We have four cases today. I plan to take a five-minute break after the third case, Lennon v. Marriott Ownership Resorts, and then we'll resume to hear the last case. We have committed to allow council to have the first two minutes of their argument uninterrupted so since we've got the clock showing I think we've done a pretty good job of that this week. Otherwise I know you're familiar with our traffic light system and I will enforce it. So with that I'll call the first case of Elliott Anderson v. United States. Good morning. May it please the court, council. I'm Michelle Yard and I represent Elliott Anderson. The application of the ACA enhancement increased the low end of Mr. Anderson's sentence 118 months because the district court relied on the residual clause when it sentenced him. Without the residual clause the court could not then... I'm sorry Ms. Yard. I'm going to ask my audience to hear Ms. Yard. Are you able to hear her? She's a little low but I turned up my volume on my computer. Okay. All right. All right. I can hear you. I just wanted to be sure everybody had the benefit of your argument. Can we just restart the time on her Mr. Robinson? Thank you. All right. Ms. Yard, let's take it from the top if you don't mind. All right. I'll try and speak up your honor. Thank you. The application of the ACA enhancement to Mr. Anderson's case reached the low end of his guidelines 118 months because the court relied on the residual clause in sentencing him in 2003. Without the residual clause either then or now the court could not impose the ACA enhancement. Relative to that enhancement there's two offenses in issue. Battery on a commitment staff and an aggravated assault with a deadly weapon. The battery on a commitment staff is a simple battery on a person that's in a protected class. The use of a juvenile adjudication to enhance a sentence requires that the offense involve the use or carry of a firearm, knife, or destructive device. Because the government declined the reliance on the battery in the 2255 proceedings below I'm going to focus my arguments to begin on the aggravated assault. First, because Florida aggravated assault weapons element is indivisible and has been, review of the Shepard documents has never been permissible. In the order granting COA the district court judge that denied the 2255 indicated that he relied on the charging information in finding the firearm to deny Mr. Anderson relief. It was air for the court to engage in fact finding for an indivisible offense. Second, precedent establishes that now and then the analysis was the same and juvenile adjudications for aggravated assault did not count as ACA predicates. Florida aggravated assaults deadly weapons element is broader than the violent felony definition for juveniles which necessarily requires that the offense use or carry a firearm, knife, or destructive device. The only question in this case is whether there was or wasn't a firearm. Under Florida law a defendant need only commit an aggravated assault with any deadly weapon and the type of deadly weapon is not an element. In Florida has case law indicating that nunchucks, brass knuckles, rocks have been deadly weapons under Florida law. The record shows that the but even if it had been the government's interpretation of Burge would not historically apply because it hadn't been decided then. That said the court's review of Shepherd of the charging information to determine the type of weapon was precisely the unconstitutional type of fact finding that's been prohibited since Taylor in 1990. Because of that we know that likely than not the finding would have been the same. Taylor stood for the proposition that ACA generally prohibits fact finding and demands an elements-based analysis. Leaving the court to look only at the fact of conviction and the statutory definition of the offense. Didn't we say the opposite in Burge? Didn't we say I guess Burge or Berga didn't we say that you could look at Shepherd documents there and isn't that what we would have to apply here if we were to reach this issue? So Burge I would argue that the court erred by relying on Burge for that ability to look beyond because Burge was an opinion about divisibility in the whole and to say that it fits. The reason for that is that the offense that was being considered in Burge was Alabama burglary which the opinion states could have been committed one of three ways which included explosives and some of them deadly weapons and some of them and other things. And the court was trying to determine what offense Burge committed and if it qualified. Anderson's offense was an indivisible elements clause offense. Faced with the divisibility issue the Alabama burglary in Burge the Burge court found that the district court may look beyond the fact of conviction. But counsel didn't Burge use the look beyond approach not just for the elements clause which I agree with you goes to the issue of whether there's divisibility but did so on what I'll call the juvenile clause of ACCA. I don't know that anyone else has called it that but I will today. I'm looking at the juvenile clause and is there any other case law would suggest let me ask you let me ask you this way is there anything intervening since Burge which has said that for the juvenile clause you cannot look beyond. So that's two questions didn't Burge say that you could do it with regard to the juvenile clause not just the elements clause and second of all has anything come out intervening which would call that into question. So I would argue that Burge was misapplied because the offense wasn't divisible to that though you're correct that Burge does say for an offense like the one in Burge the court can look that ACCA doesn't allow a fact-focused inquiry. Well sir but Burge is post-Taylor so that's our that is our reading or gloss on the juvenile clause post-Taylor. I guess after Burge is there anything else with regard to the juvenile clause which we've said different than Burge. So not specifically to the juvenile clause. Taylor does say though that it's holding apply that what its discussion applies to the rest of the enhancement statute and then I would argue that Burge if to the extent that there's any question has been abrogated by Decomp Mathis and Shuler. So let's talk about that a little bit. So a lot of your argument you you got a COA on a Johnson claim and we know that a Johnson claim is a claim that there's inappropriate reliance on the residual clause. We know it Deschamps I or Deschamps I'm sure we'll all pronounce that differently but Deschamps is a very different claim that's a claim going to divisibility and whether you can rely on Shepard documents or not for a divisible statute. We've said that Deschamps is not retroactive correct and in fact in Beeman we specifically sort of separated those things out to say there's the valid claim that you can make in which we've authorized and then there's the Deschamps claim which is not timely not successive not retroactive which cannot be made right. Yeah. Right so I'm with you on your Johnson claim on the residual stuff but I'm having trouble getting past all of that to reach this Deschamps claim even if Deschamps did abrogate and then I'll ask follow-up questions on whether it truly did abrogate Burge. So my argument is right that you have to have a Johnson claim to get in the gate right so Mr. Anderson alleged that the government filed this notice that it was relying on three offenses uh for the active enhancement in 2003. One of those offenses included the battery on commitment staff so he filed this claim stating that it was error because that was a residual clause offense and court relied on the residual clause so that gets him right in the gate through essentially Beeman prong one that the court relied on the residual clause. I have other arguments about that but in a nutshell right now his arguments about aggravated assault are essentially to what is Beeman prong two right if you have a Johnson claim and you get in the door now you're looking at were there three other offenses under the elements clause or the enumerated offenses clause that can still qualify right that essentially meet your argument because you still qualify for ACTA. So here the government has said it's juvenile aggravated assault however it's like the same as if the government hypothetically would have said he has a serious drug offense that qualifies now. If that drug offense was a third degree felony marijuana offense that wouldn't qualify as a drug offense. Mr. Anderson under that second prong of Beeman still has to be able to come back and say no but how but how in Beeman though did we not say where that exact kind of argument was made did we not say that that is not necessarily appropriate the the discamps part of the argument and then how do we get rid of how do we get over hires where we specifically said that a discamps claim that's piggyback on a Johnson claim exactly what you're talking about now um is not appropriate and not successful. It's not a discamps claim though because he's the court relied on the residual clause in 2003 and for him to now have to explain why there's not three other offenses can't be handicapped by the residual clause because if the government had proposed a drug offense that was didn't count he has to come back and be able to say no that's a drug offense that doesn't count that will never be a Johnson claim right to say that there's a drug offense that doesn't count isn't a Johnson claim but it's the same here to say that the ag assault doesn't count doesn't transform his Johnson claim that got him here into a decamped claim. How does discamps you would agree and Mathis dealt with the elements clause and divisibility correct? Yes. How could those possibly abrogate a holding with regard to the juvenile clause which by its terms it by language is actually quite different than the elements clause. So the juvenile clause in 924 E2B is subsumed by the act of violent felony definition right it's not part and it's not part and parcel it's not but we've always separated these things out in clauses there is the residual clause there is the elements clause there is the um the use of violence or I'm sorry the um clause and then there's the separate clause for juvenile offenses which use the terms acts of juvenile delinquency involving so an act involving something which is not the same language as is used in any of the other clauses that I can tell so how how can we read to scams which was specific with regard to the the the elements clause as having any holding that would abrogate something regarding the juvenile clause so the active juvenile delinquency is just a term of art right the active juvenile delinquency is just what we call a juvenile crime because we don't call them crimes from their children so what the relevant language then after you get past the juvenile crime is you know involving um the use of carry of a firearm to comp um tells us that you know affirms that I have never heard and I've been doing criminal law for a little bit it being described as an act of juvenile delinquency as any kind of term of art why would it not be a finding of juvenile delinquency or a delinquency finding or a juvenile delinquent but isn't the use of the term act involving indicates something different than a crime which is the term that's used for the residual clause for I'm sorry for the um uh the elements clause and I know uh over time if Judge Martin will allow me to have you answer the question of course thank you so the juvenile um conviction is considered um a delinquent offense right so it's a it's a finding of delinquency right it's an adjudication of delinquency right right not an act um and that that is a term of art that we just don't call it a juvenile crime because we don't consider children to be criminals thank you thank you thank you well while Miss Taylor approaches I'm going to go get the sun out of my eyes sorry all right we have placed the court Michelle Taylor for the United States as the court is recognized we are here on a successive 2255 that raises a Johnson claim and a Johnson claim which challenges the validity of the residual clause is different than a DeCamps or Mathis claim which can't be the basis of a successive 2255 and then a Johnson claim um Beaman has now clarified that um the defendant has a two-tier burden the first tier he has to show that going back to the time of his sentencing this is as a and not also or only on one of the other clauses he also has to show that you know going back to that time he didn't have three other convictions that could have qualified and the fact that it's a historical analysis perhaps helps with the question about is this just a backdoor way to raise a DeCamps claim that we already said we couldn't because no you go back to the landscape of sentencing and at the time of sentencing could this aggravated assault have been a predicate and the answer to that is yes it didn't need to be back then because the defendant never objected to the three convictions that um the United States had relied on but Tribune now teaches us that if a defendant does object to one of the convictions and there might be questions as to whether it qualifies the United States is free to rely on other convictions set forth in a defendant's enhancement going to the statutory language so we shouldn't even end up really getting to what sort of a divisibility question or interesting questions about how we should interpret this juvenile adjudication provision because we really have to start with the historical question of whether there was any indication that the defendant was sentenced based on the residual clause at all and the answer is no there's nothing in the record that shows that the defendant was sentenced based on the residual clause. Didn't you stipulate below that the defendant had met the first step of Beaman um in your filings before the district court you just agreed I think that the battery on commitment staff offense was out uh under the Johnson claim and then you litigated the whole case on what what became the second prong of Beaman so why? Your honor the district court briefing happened before Beaman was decided and so at the time of the district court briefing both parties were addressing the question of whether under current law the defendant would have three qualifying convictions but Beaman now teaches us that that's a question of of history so going back to the landscape at the time of 2003 is a very different question whether the court could have relied on the battery offense um in 2003 under the elements clause is a totally different question as to whether under you know 2020 law that that battery offense would be relied on as an ACCA predicate but I wouldn't disagree with you about your how Beaman came out after the litigation in this case I guess my point is didn't you tell the seated that away and then you moved on to the assault with the deadly weapon offense which became step two under Beaman the way I'm just having trouble seeing it how we would get back to step one of Beaman given what you did below so I guess I would have two responses the district court response um did not affirmatively say we're not going to rely on battery it just said we have there were three convictions that still qualify it was using the current language of still qualifying but the other question is regardless of what we might have said or didn't say I think the Tavares case in the 28 j letter helps us with that Beaman is now controlling precedent of what the defendant's burden is and so the defendant has that burden of showing that he does not have three additional qualifying offenses whether we were right or wrong in relying on him he still has to show that under Beaman and so you know that's part tribute also shows that that's part of the defendant's burden not only to show that he was sentenced as a matter of historical fact based on the residual clause but that also looking back there weren't three other convictions that could have qualified but it's interesting even under today's law whether a battery offense could have qualified is an open question I actually just listened to an oral argument yesterday in Miami in the Santos case and that was going to raise the question of whether Florida battery is divisible in only two ways or if it's further divisible between the touching and striking issue and that was sort of the question that the court was going to look at in Santos case yesterday so I listened to that argument but that whole argument ended up being about Beaman it ended up being do we even get to that question when the defendant can't show his Beaman burden that he was sentenced based on the residual clause because just like this case that case was before the court on a on a Johnson claim so we have to you know see this through the Johnson lens and the Johnson lens requires the defendant to show both that historical fact and that he doesn't have three qualifying convictions and that's true regardless of if we had said anything at all if we hadn't filed a response that's still his burden if you're right if you're right about that that it's not waived or you haven't conceded the point and that it has to be done anew as a matter of historical fact shouldn't the district court make that call and not us I mean we we are not we were not the sentencing judge we were not there at the time we certainly didn't know what went through the head we don't know what evidence could be presented about what historical fact existed at that time isn't that exactly the sort of fact the district court should make in the first instance and not us in the first instance it wouldn't necessarily be unreasonable to let the district court decide that on remand but I think it would be futile given the state of the record uh the defendant has already recognized and your opposing counsel has said I counted at least three or four times that district court clearly relied on the residual clause with regard to all of all of his prior convictions um so it clearly is a contested fact um what what why would it be futile so in the reply brief at page 11 he recognizes that the what clause he relied on that was because it was never an objection so we don't know that certainly the record doesn't give have any direct evidence that there was this was a residual class and now beeman also contemplated if there's no direct evidence like a comment by the parties or by the court explaining what clause applies another way you could satisfy beeman is sort of a landscape of the law view and going back to the landscape of the law back in 2003 it was certainly not clear at that point that the defendant could have been sentenced based only on the residual clause um the defendant filed a 28 j letter citing a rosier decision um late last night I tried to pull it up on westlaw I couldn't even find it um but then one of my colleagues was able to help me find it through a district court docket somewhere and and that decision doesn't even really say that like the way in the 28 j letter it says that the court concluded that it didn't categorically qualify under the elements clause all that decision says it cites the elements clause and then it holds that the offense even by touching could create a risk of harm so it speaks in terms of the residual clause but it certainly doesn't hold that there wasn't an elements clause analysis that you know the element cause wouldn't have applied and in fact you know back at this time we're talking pre johnson so we don't yet know this is the 2010 battery by touching johnson so we don't know at this point that a battery by touching doesn't require adequate force and in fact johnson that supreme court council council where where the district court didn't have beeman didn't know what finding he or she needed to make and I believe it's the same the sentencing judge is the same judge right it's the same judge throughout yes your honor right so why can't the sentence just says you know what I remember that day well that's my wife's 35th birthday and we had a big blowout that particular day and I know I was relying on the residual clause for every single one of those I've seen an order like that out of Miami for example where the judge says I assume residual clause for all of these cases so I how are we to be able to know what's in the district judge's head with regard to that and why would we make that finding in the first instance where that could be a finding of the district court I think you know this court has found for instance in the Tavares case that remand would be futile given the state of the record so at least in some cases the court hasn't sent it back but if this court wanted to give the district court the chance to see if he could recall what happened back in that 2003 sentencing that would only be that first prong of even the second prong would still require the defendant to show he had at least three qualifying convictions and he can't do that either um so we you know we have two of the convictions are are non-controversial the aggravated battery and the robbery so your opposing counsel says a this isn't really a burge case because burge dealt with a divisible statute and this isn't divisible and b and and i'm trying to summarize miss yard's argument and she can tell me if i have it wrong but b um burge has been uh abrogated by dischance so address those as to why we cannot rely on the ag assault here so burge remains controlling precedent um burge is actually very similar to the case we have here because the georgia statute and burge just was a just a deadly weapon it didn't say firearm use so in order to get beyond what kind of deadly weapon it was just just like here the court had to consult the shepherd documents and the court was interpreting specifically this juvenile provision which is different than the other clauses we often deal with under the acca as the court has noticed that the elements clause requires that the crime have as an element the use threatened youth or attempted use of force we have to satisfy that that's prong one we're into that door right under aggravated assault but then there's for juvenile offenses an additional layer of protection that it also must involve firearm use and that congress has this two-tier inquiry and for the one says has as an element and for the second says an act involving you know congress knows how to use the same words if it wanted the act involving to be an elements clause analysis it could have just also repeated and for a juvenile offense the crime must have as an element but congress chose broader language of an act involving so given the different language um there's you know canon of statutory interpretation that when can when congress chooses different language that choice has meaning there is not an act of juvenile delinquency though is the term of art that if that isn't true we still have the difference between has as an element and the broader term of involving and involving is more of a conduct-based term even schuler some of the language and schuler indicates that congress might have used that word involving as a choice to explain that it wasn't looking for formal elements so burge because it's decided under a different provision and it you know in order for an intervening supreme court to have overruled this court's precedent the intervening supreme court decision has to be clearly on point well decamps is not clearly on point mathis is not clearly on point schuler is not clearly on point this court remains bound by burge and so you know this court might say you know given all these subsequent developments in the law we don't like burge anymore but burge still controls and this court is bound to follow it so that aggravated let me ask you a question about about uh beeman so assume this is a step two beeman case which is what you've been talking about on step one of beeman we've said you look at as a matter of historical fact what happened in front of the district court judge to see which clause applied on step two of beeman should we be looking at the law at the time of sentencing or should we be looking at the law today um it seems and i that's a question because it seems kind of incongruous to me to say on step one of beeman we're looking at what happened at sentencing and then the step two we just fast forward to whenever the issue happens to be litigated but what would what would your position be on that because we're looking the whole question under beeman is did did johnson error occur at the defendant's original sentencing step two of beeman also should look historically were there three convictions that could have qualified and beeman talks in the past right it doesn't say that now qualify it says that could have qualified tribune also talked in the past three convictions that could have qualified so i think we're looking back not to the post the camps or post mathis landscape but under the landscape that the defendant was sentenced would this conviction have counted that should be a historical inquiry now if we also think about current law and we know under current law it also would count which i think is still true today given that burge is controlling you know then it's not necessary to say you know if we know it counts under current law so tribute is our is our best guess about how this all plays out right at least with regard to step two with regard to judge brasher's question what what kind of cases did we cite in tribute did we rely on cases only at the time or prior to um the sentence as a historical fact or did we look to cases afterwards your honor i am not sure i'd have to so i'm looking at tribute right now and we cited in tribute a 2014 case for the proposition that that particular type of drug conviction was a serious drug offense which was after all which was not historically uh which is a historical for what it is in other words we we seem to cite cases after the determination would have been made under the could have prong um and beeman and and and just look going out to beeman beeman only talked about historical fact with regard to step one right not with regard to step two well beeman when it was setting forth the analysis that talked in the past tense of convictions that could have qualified and i think that makes sense given you know the question of a johnson claim really shouldn't be a backdoor way of raising a mathis or decamps claim um and so if we know that that what we really need to look for is a johnson claim that should be a question of historical fact of what were the convictions that would have qualified back then if we let us play out back then and the defendant had objected at the time of his 2003 sentencing um then you know the united states could have substituted in the aggravated assault and there would have been no question about the visibility which didn't happen for you know decades um so i see my time has expired we would ask the court to affirm thank you miss yard government could not have substituted the aggravated assault in 2003 because the historical case law includes two cases that were relevant at that time fulford from 2001 and richardson from 2003 fulford was an 11th circuit decision that held that florida aggravated assault with a deadly weapon does not require proof of use or carry of a firearm as an element of a crime and that it was fair or it would have been improper to consult the charging paper to make that finding the other opinion the only one on point at that time for the juvenile affa provision uh in 2003 at the time of mr anderson sentencing was richardson out of the third circuit it was the first case on the issue and it held that taylor demands a strict adherence to the categorical approach for juvenile offenses if this court would have looked to see how it would have applied the juvenile provision back in 2003 what it would have found is richardson and taylor and it would have seen that there's no way that in 2003 without burge the ag assault could have counted burge abrogate is abrogated by decomp schuler and mathis because those opinions clarify to the point of abrogation that you cannot use the modified categorical approach when the statute is indivisible so lest there be any question about what burge says those opinions make clear that you do not reach the documents for an indivisible statute schuler told us that involving does not bring in a factual approach involving demands and elements based approach this court has analyzed other statutes whenever they do bring in a factual approach and found that in montgomery in which brought in a factual approach other cases have brought it in this involving does not further there is no doubt that this court if it followed what the government suggests will be the first court to find that demands a fact-based inquiry there is no other circuit that has held that aca demands a fact-based inquiry for anything a drug offense or a violent felony and 30 years of supreme court precedent make clear that facts are irrelevant to aca because aca is an elements based inquiry to be complicit with constitutional requirements counsel fulford was a three strikes case right under 3559 yes your honor okay it wasn't an aca case right it was not although the elements analysis of the florida aggravated assault statute should have been exactly the same by this court i just wanted to make clear it wasn't an aca case it was not okay i see my time is up i would ask that you find that the beeman burden has been satisfied or if not remand to the district court for findings under beeman for the reasons suggested by judge law thank you thank you miss yard uh we appreciate the presentation from both council uh and um